#3000025203

FILED-USDC-NDTX-DA
'26 JUL 24 PM3:08

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

Gamal Abdel-Hafiz

Plaintiff

-against-

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF INVESTIGATION;
DIRECTOR, FEDERAL BUREAU OF INVESTIGATION, in official capacity; and
SPECIAL AGENT IN CHARGE, FBI DALLAS FIELD OFFICE, in official capacity, MATTHEW DeSERNO, former Special Agent in Charge of the FBI Dallas Field Office, in official capacity to the extent prospective relief remains available concerning actions challenged herein; and
SUPERVISORY SPECIAL AGENT DEBBIE BURNS, in official capacity to the extent prospective relief remains available concerning actions challenged herein,

Defendants.

3-26CV2463-X

Case No. ___________________

**VERIFIED COMPLAINT FOR RETURN OF PROPERTY, DECLARATORY AND INJUNCTIVE RELIEF, AND REVIEW OF AGENCY ACTION**

Plaintiff Gamal Abdel-Hafiz ("Plaintiff"), proceeding *pro se*, sues the United States of America, the United States Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the Director of the FBI in official capacity, and the Special Agent in Charge ("SAC") of the FBI Dallas Field Office in official capacity. Plaintiff alleges as follows:

## NATURE OF ACTION

1. This is a civil action to preserve and return unique retirement and professional property seized by the FBI on or about October 28, 2020, and still withheld after the FBI

returned all other seized property in or about June 2025.

2. The property at issue consists of Plaintiff's retired FBI credentials, wall-mounted retired credentials, retirement plaques, credential displays, and any accompanying cases, cards, insignia, or commemorative retirement items seized from Plaintiff or his office and not returned (collectively, the "Retirement Property"). Plaintiff will amend the exact inventory after Defendants produce the warrant return, receipt, and current property-control records.

3. Plaintiff does not seek money damages in this action. Plaintiff does not seek suppression of evidence. Plaintiff does not ask the Court to authorize him to hold himself out as an active FBI agent, to imply FBI endorsement of his private investigation business, or to use FBI credentials to obtain access, business, advantage, or authority.

4. Plaintiff seeks non-monetary relief only, for preservation of the Retirement Property, an inventory and status report, return of the wall-mounted credentials and plaques, return of the retired credentials subject to reasonable conditions if necessary, and judicial review of any decision to retain, revoke, or destroy the Retirement Property.

5. As a practical litigation position, Plaintiff expressly offers reasonable conditions on return, including but not limited to: (i) no representation that he is an active FBI agent; (ii) no use of FBI insignia or credentials in advertising suggesting FBI approval or endorsement; (iii) no display to clients in a manner implying current FBI authority; (iv) no transfer or alteration of the Retirement Property; and (v) preservation of the Retirement Property for inspection or later proceedings if ordered by the Court.

6. In the alternative, if the Court determines that functional retired credential cards or badges remain revocable government property, Plaintiff still seeks return of the wall-mounted credentials, retirement plaques, and other commemorative display items; an Order prohibiting

destruction of any unique retirement items absent lawful process; and review of any revocation or destruction decision under the Administrative Procedure Act and the Constitution.

## PARTIES

7. Plaintiff Gamal Abdel-Hafiz is a resident of Texas and a retired FBI Special Agent. He served with the FBI from 1994 until his retirement in October 2015. After retirement he operated a licensed private investigation business.

8. Defendant United States of America is the proper defendant for Count I, the Rule 41(g) return-of-property claim, and is also named under 5 U.S.C. § 702 to the extent necessary for non-monetary relief.

9. Defendant United States Department of Justice is a federal agency responsible for the FBI and is named for non-monetary relief under the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, and 706.

10. Defendant Federal Bureau of Investigation is a component agency of DOJ. The FBI seized, controls, or directed the retention or destruction of the Retirement Property.

11. Defendant Director, Federal Bureau of Investigation, is sued in official capacity only for prospective declaratory, injunctive, Administrative Procedure Act ("APA"), and mandamus relief. Plaintiff does not sue the Director in individual capacity.

12. Defendant Special Agent in Charge, FBI Dallas Field Office, is sued in official capacity only for prospective declaratory, injunctive, APA, and mandamus relief because the seizure and later retention were handled by or through the FBI Dallas Field Office. Plaintiff does not sue the Special Agent in Charge in individual capacity.

13. Defendant Matthew DeSerno ("DeSerno" and/or "SAC DeSerno") served as the Special Agent in Charge of the FBI Dallas Field Office during material events described herein. Plaintiff sues DeSerno in official capacity only and solely for declaratory, injunctive, APA, and related equitable relief. Plaintiff does not seek damages against DeSerno individually.

14. Defendant Supervisory Special Agent Debbie Burns ("Burns") was, upon information and belief, substantially involved in the investigation of Plaintiff, decisions concerning the continuation of that investigation, and decisions relating to Plaintiff's seized property. Plaintiff sues Burns in official capacity only and solely for declaratory, injunctive, APA, and related equitable relief. Plaintiff does not seek damages against Burns individually.

15. The United States, DOJ, FBI, the Director, and the Special Agent in Charge, DeSerno, and Burns are collectively referred to as "Defendants" or "Federal Defendants," except where a particular count specifies a narrower defendant.

## JURISDICTION, VENUE, AND WAIVER OF SOVEREIGN IMMUNITY

16. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the United States Constitution, Federal Rule of Criminal Procedure 41(g), the Administrative Procedure Act, and federal statutes governing declaratory and mandamus relief.

17. This Court has jurisdiction under Federal Rule of Criminal Procedure 41(g) because Plaintiff is a person aggrieved by the deprivation and continued retention of property, and any applicable application is filed in the district where the property was seized.

18. Where, as here, no criminal case is pending against Plaintiff, this Rule 41(g) filing is properly treated as an independent civil equitable action for return of property.

19. The Court also has jurisdiction under the Administrative Procedure Act, 5 U.S.C.

§§ 702, 704, and 706. Section 702 waives sovereign immunity for actions seeking relief other than money damages against an agency or officer acting in an official capacity.

20. Plaintiff seeks review of final agency action under 5 U.S.C. § 704: Defendants' refusal to return the Retirement Property and decision or stated plan to send it to FBI Headquarters for destruction because Plaintiff allegedly "used the credentials illegally." In the alternative, if Defendants contend that no final agency action exists, Plaintiff seeks to compel discrete agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1), including a written decision, preservation, inventory, and any process required before destruction.

21. This Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 because an actual controversy exists regarding the parties' rights and legal relations with respect to the Retirement Property.

22. In the alternative, this Court has mandamus jurisdiction under 28 U.S.C. § 1361 to compel federal officers, employees, or agencies to perform duties owed to Plaintiff, including any nondiscretionary duty to preserve property, provide an inventory, return property no longer needed for evidence and not forfeited or contraband, or provide required process before destruction.

23. The Court may issue temporary, preliminary, and permanent injunctive relief under Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651, and its inherent equitable authority to preserve the subject matter of this action.

24. Venue is proper in this Court under 28 U.S.C. § 1391(e) and Rule 41(g) because a substantial part of the events occurred in this District, the FBI Dallas Field Office handled the relevant seizure and retention, Plaintiff's office was searched in this District, and the property

was seized in this District.

25. Plaintiff has no adequate remedy at law. The Retirement Property is unique, has personal and professional significance, and cannot be replaced by money damages. Plaintiff seeks equitable relief only and expressly disclaims damages in this action.

26. No criminal indictment, forfeiture action, administrative forfeiture notice, forfeiture judgment, or judicial order authorizing destruction of the Retirement Property has been served on Plaintiff to his knowledge.

## TIMELINESS

27. Plaintiff's causes of action are timely. The Retirement Property was seized on or about October 28, 2020. The FBI retained the property during an investigation but did not charge Plaintiff, initiate forfeiture proceedings, or obtain an order of forfeiture or destruction.

28. Plaintiff's present claims accrued no earlier than June 2025, when the FBI returned all other seized property but refused to return the Retirement Property and, for the first time known to Plaintiff, stated that the remaining items would be sent to FBI Headquarters for destruction because Plaintiff allegedly "used the credentials illegally."

29. The June 2025 refusal and threatened destruction created Plaintiff's complete and present cause of action for return, preservation, APA review, declaratory relief, and due process relief. This action is filed within six years of that refusal and threatened destruction.

30. The continued retention of the Retirement Property is ongoing. Defendants cannot use their own years-long retention, absence of forfeiture, and absence of written process to create a limitations bar against a *pro se* plaintiff who seeks return and preservation after the FBI's final refusal and destruction threat.

31. Plaintiff also acts diligently and seeks judicial relief after learning that Defendants intended to destroy the remaining property rather than return it. Defendants suffer no cognizable prejudice from adjudicating ownership and return because they have retained full control of the property and returned the other seized items.

## FACTUAL ALLEGATIONS

32. Plaintiff began service with the FBI as a language specialist in approximately January 1994 and became a Special Agent in approximately October 1995.

33. Plaintiff served the Federal Bureau of Investigation with distinction for more than two decades. As an FBI Special Agent assigned to counterterrorism and international terrorism investigations, Plaintiff maintained Top Secret and Sensitive Compartmented Information ("SCI") security clearances and was entrusted with some of the Bureau's most sensitive national security matters.

34. Throughout his career, Plaintiff served as both a Special Agent and an FBI Language Specialist with expertise in Arabic language translation and analysis, providing critical investigative and intelligence support in numerous international terrorism investigations.

35. Plaintiff's service included testifying nineteen times during the prosecution arising from the World Trade Center bombing in his capacity as an FBI Special Agent and Arabic language specialist.

36. Plaintiff also coordinated investigative efforts in Yemen following the bombing of the USS *Cole* and worked extensively with numerous United States federal agencies in Saudi Arabia, Yemen, Kuwait, the United Arab Emirates, Oman, Qatar, and Bahrain during the investigation of the September 11, 2001 terrorist attacks. During those assignments, Plaintiff

interrogated a terrorism suspect in Bahrain and secured a confession that led to the dismantlement of the first Al-Qaeda sleeper cell in the United States.

37. Plaintiff further interrogated the primary suspect in the USS *Cole* bombing in Yemen, obtaining a confession that resulted in the arrest of fourteen co-conspirators. These accomplishments reflect Plaintiff's longstanding record of honorable service to the United States and underscore the exceptional professional significance of the retirement credentials and commemorative items that are the subject of this action.

38. Plaintiff served honorably as an FBI Special Agent until his retirement in October 2015.

39. During his FBI career, Plaintiff worked substantially in counterterrorism and intelligence-related assignments and served as a liaison to Muslim, Arab, and campus communities in North Texas and elsewhere.

40. At or after retirement, Plaintiff possessed retired FBI credentials and related retirement items, including wall-mounted credentials and plaques. Plaintiff's retired credentials were marked "Retired."

41. After retirement, Plaintiff operated a licensed private investigation firm. Plaintiff's post-retirement professional identity included accurate statements that he was a retired FBI Special Agent, not an active FBI agent.

42. After Plaintiff's retirement, FBI Dallas personnel and task force officers continued to contact Plaintiff for assistance with community contacts, potential source recruitment, and locating or arranging interviews.

43. In connection with his post-retirement activities, Plaintiff assisted the Federal Public Defender's Office in the defense of an Iraqi refugee who had been accused of killing a

former Iraqi police officer and allegedly acting on behalf of ISIS. As part of that representation, Plaintiff traveled to Iraq to conduct witness interviews and gather evidence. Plaintiff believes that his investigative activities and involvement in that defense effort generated hostility among certain personnel within the FBI and the United States Attorney's Office.

44. In or about the summer of 2017, Plaintiff became a documented Confidential Human Source ("CHS") for the FBI. FBI personnel used or had access to Plaintiff's office for meetings or secure contacts.

45. Plaintiff's post-retirement interactions with the FBI reinforced his understanding that the FBI knew he was retired, knew he was a private investigator, and nevertheless sometimes requested or accepted his assistance.

46. In 2020, Yaser Said, a fugitive murder suspect who had been captured and detained, attempted to contact Plaintiff from jail. Plaintiff knew Said and his family from earlier life and from Plaintiff's prior work related to the search for Said.

47. Plaintiff promptly informed FBI personnel about Said's attempts to contact him. On or about September 5, 2020, Plaintiff communicated with FBI Special Agent Dan Jimenez. Plaintiff made clear that he had told Said that Plaintiff had retired from the FBI in 2015 and that Plaintiff did not want to interfere with law-enforcement work.

48. FBI personnel knew before any jail visit that Plaintiff was retired and that any contact with Said was being disclosed to the FBI. Plaintiff did not conceal his communications with Said from the FBI.

49. On or about October 8, 2020, during retired agents' annual firearm qualification, Plaintiff personally informed then Special Agent in Charge Matthew DeSerno regarding Yaser Said's efforts to contact him. Plaintiff alleges that DeSerno responded, in substance, "If you meet

him, let us know what he says." Plaintiff understood this statement as encouragement to keep the FBI informed regarding any contact with Said. This conversation occurred before the subsequent investigation and search warrants executed against Plaintiff.

50. On the same date, while Plaintiff was voluntarily present at the FBI Dallas Field Office for the purpose of providing agents with a recording of his conversation with Yaser Said, FBI agents simultaneously executed a search warrant at Plaintiff's private investigation office located at 14860 Montfort Drive, Suite 206, Dallas, Texas, the offices of Gibraltar Security Consultants LLC.

51. Upon information and belief, more than eight FBI agents participated in the execution of the search warrant at Plaintiff's office and law enforcement vehicles with activated emergency lights were visibly stationed outside the building during the operation.

52. On or about October 13, 2020, Plaintiff visited the jail to meet with Said. Plaintiff identified himself as a private investigator and retired FBI Special Agent. Plaintiff requested that the meeting be recorded. Jail personnel declined to record the meeting for him.

53. At the jail, Plaintiff completed the visitor or access paperwork as a private investigator and provided his private investigator license number. Plaintiff did not state that he was an active FBI agent.

54. Jail personnel took Plaintiff's retired credentials to the back office and returned them. The credentials were marked "Retired." Plaintiff did not use active FBI credentials and did not claim active FBI authority.

55. Plaintiff met with Said and recorded the meeting on his cellphone.

56. On or about October 14, 2020, Plaintiff contacted the FBI Dallas Field Office, spoke with the SAC's secretary, stated that he had met with Said and recorded the meeting, and

asked how the SAC wanted Plaintiff to provide the recording to the FBI.

57. A meeting was scheduled with the SAC and later rescheduled for October 28, 2020. Plaintiff confirmed the meeting. Plaintiff came to the FBI office voluntarily, after telling FBI personnel about the recording.

58. On or about October 28, 2020, Plaintiff went to the FBI Dallas office. FBI agents questioned Plaintiff about the meeting with Said. When Plaintiff opened his phone, an agent took it and stated that the FBI had a search warrant for the phone.

59. During the October 28, 2020 encounter, SAC DeSerno asked for and took Plaintiff's retired credentials.

60. After Plaintiff left the FBI office, he learned from the building manager at his private investigation office that FBI agents and police officers were searching his office. Agents searched the office and seized items including documents, a desktop computer, and hard drives. Agents left a copy of the search warrant.

61. Upon returning to his office, Plaintiff observed that agents had extensively disturbed the premises. Picture frames had been removed from the walls and left on office furniture, files and business records had been displaced, and the office had been left in disarray.

62. As a result of the seizure, Plaintiff was deprived of his cellphone, desktop computer, and other business equipment necessary to operate his private investigation practice.

63. The search warrant or investigation referenced allegations including hacking, identity theft, impersonation, obstruction, and conspiracy. Plaintiff denied those allegations and continues to deny them.

64. The search warrant materials and investigation further alleged, among other things, that Plaintiff engaged in fraud relating to investigative work performed for Harmony

Public Schools, aided and abetted a fugitive, committed computer hacking and cyber intrusion offenses, impersonated a federal officer, obstructed justice, and participated in a conspiracy. Plaintiff denies each such allegation and maintains that no criminal charges have ever been brought against him arising from those accusations.

65. Plaintiff has never claimed to be an active FBI agent after retirement. Plaintiff has consistently represented himself as a retired FBI Special Agent and private investigator.

66. Plaintiff did not use anyone else's identity and did not use his retired credentials to impersonate an active federal officer.

67. Plaintiff later retained counsel in connection with the investigation. Plaintiff passed a polygraph examination regarding the allegations referenced in the search warrant, administered by a retired federal agent who was a certified polygrapher.

68. In or about 2022, attorney Richard Roper, a former United States Attorney for the Northern District of Texas who had previously retained Plaintiff for investigative services, informed Plaintiff that government personnel had indicated that if Plaintiff surrendered his Texas private investigator license, the investigation would be closed. Plaintiff refused to surrender his license.

69. In or about spring 2023, the FBI issued a subpoena seeking email communications between Plaintiff and Harmony Public Schools in Texas, for which Plaintiff had performed investigative work.

70. In or about summer 2023, attorney Richard Roper, a retired United States Attorney who had hired Plaintiff for investigative work, informed Plaintiff that the FBI wanted Plaintiff to relinquish his private investigator license in exchange for closing the investigation. Plaintiff refused.

71. In or about spring 2024, Mr. Roper informed Plaintiff that there likely would be no indictment because the person pushing the investigation had retired. To Plaintiff's knowledge, no indictment has been returned.

72. Mr. Roper informed Plaintiff that he did not believe an indictment would be forthcoming because the individual who had been actively pursuing the investigation had retired. Mr. Roper identified that individual as Supervisory Special Agent Debbie Burns.

73. Upon information and belief, Supervisory Special Agent Debbie Burns played a substantial role in the continuation of the investigation and decisions relating to Plaintiff and his property.

74. Despite an investigation spanning several years, Plaintiff has never been charged with identity theft, computer intrusion, impersonating a federal officer, obstruction of justice, conspiracy, aiding and abetting a fugitive, fraud involving Harmony Public Schools, or any other offense referenced in the search warrants executed against him.

75. Upon information and belief, Supervisory Special Agent Debbie Burns played a substantial role in continuing the investigation of Plaintiff, influencing investigative decisions, and participating in decisions concerning Plaintiff and his seized property. Plaintiff is informed and believes that Ms. Burns was the individual principally responsible for advancing the investigation after its inception

76. Plaintiff is informed and believes that Mr. Roper advised him in or about 2024 that no indictment was likely because Supervisory Special Agent Debbie Burns, whom Mr. Roper identified as the individual driving the investigation, had retired from government service.

77. The execution of the search warrants and the resulting investigation caused substantial damage to Plaintiff's professional reputation and standing within the business

community.

78. Following the public execution of the search warrant at Plaintiff's office, neighboring tenants and business associates became aware of the investigation and altered their interactions with Plaintiff.

79. On at least one occasion, attorney Richard Roper declined to retain Plaintiff as an investigator for a prospective client and informed the prospective client that Plaintiff was under FBI investigation. Plaintiff was thereafter required to explain the existence of the investigation to the prospective client, resulting in embarrassment and professional harm.

80. The public nature of the search, the prolonged investigation, and the continued retention of Plaintiff's retirement credentials have impaired Plaintiff's ability to operate his private investigation business and maintain professional relationships.

81. True and correct copies of the October 2020 search warrants, attachments thereto, and receipts for property seized from Plaintiff are attached hereto collectively as **Exhibit "A"** and incorporated herein by reference.

82. In or about June 2025, the FBI returned all items seized from Plaintiff except the Retirement Property, including the retired credentials and wall-mounted credentials.

83. When Plaintiff asked about the withheld Retirement Property, an FBI agent stated that the items would be sent to FBI Headquarters to be destroyed because Plaintiff allegedly "used the credentials illegally."

84. Plaintiff asked why he had not been charged for illegal use of retired credentials. The agent had no answer.

85. Defendants have not provided Plaintiff with a written decision, notice of revocation, notice of forfeiture, notice of proposed destruction, administrative record, hearing,

appeal rights, or statement of legal authority authorizing permanent retention or destruction of the Retirement Property.

86. The FBI's return of all other seized items in June 2025 demonstrates that the government's evidentiary need for the seized property had ended or could be satisfied through less restrictive means.

87. The Retirement Property is not contraband. At minimum, the wall-mounted credentials, retirement plaques, credential displays, and commemorative items are unique historical and personal property reflecting Plaintiff's career and retirement.

88. Any legitimate government concern about misuse can be fully addressed through reasonable conditions on return, including prohibiting use in advertising, prohibiting display to clients in a manner suggesting current federal authority, prohibiting representation as an active FBI agent, and requiring preservation for inspection.

89. Destruction would cause irreparable injury because the Retirement Property is unique and irreplaceable. Once destroyed, the Court cannot restore it and Plaintiff cannot obtain equivalent relief through money damages.

90. Plaintiff needs the Retirement Property returned, or at least preserved, because it represents his professional history and retirement status and because its destruction would extinguish his property interest and this Court's ability to grant effective relief.

91. Plaintiff has no adequate remedy at law. Plaintiff cannot seek return in a pending criminal case because no criminal case is pending against him. Damages are not requested and would not replace the unique property. Administrative relief, if any exists, has not been identified or provided by Defendants.

**AS AND FOR A FIRST CAUSE OF ACTION:**
**Return of Property Under Federal Rule of Criminal Procedure 41(G)**
**(*Against Defendant United States of America*)**

92. Plaintiff realleges and incorporates paragraphs 1 through 91 as if fully set forth here.

93. Plaintiff is aggrieved by the deprivation and continued retention of the Retirement Property.

94. This Rule 41(g) application is filed in the district where the Retirement Property was seized.

95. Plaintiff has a lawful possessory interest in the Retirement Property. The property was in his possession at or after retirement, and the wall-mounted credentials, plaques, and commemorative displays are personal retirement items or, at minimum, items for which Plaintiff is entitled to a lawful adjudication before destruction.

96. The Retirement Property is not contraband. Plaintiff did not use it to impersonate an active FBI agent. Plaintiff identified himself as a private investigator and retired FBI Special Agent, and his retired credentials were marked "Retired."

97. No indictment, forfeiture action, administrative forfeiture, forfeiture judgment, or destruction order has been brought to Plaintiff's attention.

98. Even if the initial seizure was lawful, Defendants' continued retention has become unreasonable because the FBI returned all other seized property, has not charged Plaintiff, has not identified a present evidentiary need, and has threatened destruction rather than preservation or return.

99. Any legitimate government interest can be protected by reasonable conditions on return, including conditions restricting use, display, advertising, transfer, alteration, and requiring

preservation for inspection.

100. Plaintiff satisfies the equitable factors applicable to pre-indictment Rule 41(g) relief. Defendants have displayed callous disregard by threatening destruction based on an uncharged accusation without written findings or process; Plaintiff has an individual interest in and need for the unique property; destruction would irreparably injure Plaintiff; and Plaintiff has no adequate remedy at law.

101. Rule 41(g) requires the Court to receive evidence on factual issues necessary to decide an applicable application. Plaintiff requests an evidentiary hearing if Defendants dispute his possession, the property's status, the absence of charges or forfeiture, the lack of evidentiary need, or the threat of destruction.

102. Plaintiff is entitled to an order preserving the Retirement Property immediately and returning it to him, subject to reasonable conditions if necessary.

## AS AND FOR A SECOND CAUSE OF ACTION:
**Administrative Procedure Act, 5 U.S.C. §§ 702, 704, And 706**
**(*Against the United States, DOJ, FBI, the FBI Director in official capacity, and the SAC of the FBI Dallas Field Office in official capacity*)**

103. Plaintiff realleges and incorporates paragraphs 1 through 102 as if fully set forth here.

104. Plaintiff seeks relief other than money damages. The APA waives sovereign immunity for this non-monetary action challenging agency action and agency failure to act.

105. Defendants took agency action by refusing to return the Retirement Property, deciding or stating that the property would be sent to FBI Headquarters for destruction, and treating Plaintiff's retired credentials and wall-mounted credentials as property subject to permanent retention or destruction because Plaintiff allegedly "used the credentials illegally."

106. The June 2025 refusal and destruction statement was final agency action, or at least a final practical decision, because it marked the consummation of Defendants' property-retention decision and created legal consequences: permanent loss, revocation, destruction, and denial of Plaintiff's asserted property interest.

107. The action is reviewable under 5 U.S.C. § 704 because Plaintiff has no adequate remedy in court other than the equitable and APA relief requested here. To the extent Rule 41(g) is held to provide an adequate remedy for some property, Plaintiff pleads this APA count in the alternative for any agency decision to revoke, retain, or destroy retired credentials, wall-mounted credentials, or plaques outside Rule 41(g).

108. Defendants' action is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because Defendants offered only an unexplained accusation of illegal use, did not identify any statute, regulation, policy, retirement agreement, forfeiture authority, property-control rule, or destruction authority, and did not explain why return with reasonable conditions would not protect any legitimate government interest.

109. Defendants failed to consider important facts: (i) Plaintiff was retired and said so; (ii) the credentials were marked "Retired"; (iii) Plaintiff identified himself at the jail as a private investigator and retired FBI Special Agent; (iv) Plaintiff provided his private investigator license number; (v) Plaintiff disclosed the Said meeting to the FBI; (vi) Plaintiff asked how to provide the recording to the FBI; and (vii) no charges or forfeiture proceedings were brought.

110. Defendants failed to distinguish among different categories of property. Functional retired credentials, wall-mounted credentials, credential displays, and retirement plaques are not identical. Even if Defendants contend that a credential card is revocable, that does not justify destruction of wall-mounted retirement displays or plaques.

111. Defendants failed to provide a reasoned explanation, written decision, administrative record, notice, hearing, or appeal process before threatening permanent destruction of unique property.

112. Defendants acted contrary to constitutional right and without observance of procedure required by law by threatening destruction and permanently depriving Plaintiff of property without notice and a meaningful opportunity to be heard.

113. Defendants acted in excess of authority, or short of statutory right, to the extent no statute, regulation, valid policy, or lawful order authorizes destruction of the Retirement Property under these circumstances.

114. In the alternative, Defendants have unlawfully withheld or unreasonably delayed discrete agency actions required by law or policy, including preserving the property, providing an inventory and current location, issuing a written decision explaining the basis for retention or destruction, providing any required administrative process, and returning property that is no longer needed as evidence and is not forfeited or contraband.

115. Plaintiff is entitled to an order setting aside the retention, revocation, or destruction decision; enjoining destruction; compelling preservation and inventory; and remanding any agency decision to Defendants for lawful process and reasoned decision-making if the Court does not order immediate return.

## AS AND FOR A THIRD CAUSE OF ACTION:
**Fourth Amendment Unreasonable Continued Seizure**
**And Fifth Amendment Procedural Due Process**
***(Equitable Relief Only; Against the Federal Defendants and Official Capacity Defendants)***

116. Plaintiff realleges and incorporates paragraphs 1 through 115 as if fully set forth here.

117. Plaintiff brings this count for equitable and prospective relief only. Plaintiff does not seek Bivens damages, personal-capacity damages, or monetary relief against any individual officer.

118. The Fourth Amendment prohibits unreasonable seizures. A seizure that may have been lawful when executed can become unreasonable when the government continues to retain property after its evidentiary or lawful basis has expired.

119. Defendants' continued retention and threatened destruction of the Retirement Property is unreasonable because Defendants returned all other property, have not charged Plaintiff, have not initiated forfeiture, have not identified a current evidentiary need, and can protect any legitimate interest through reasonable conditions rather than destruction.

120. The Fifth Amendment prohibits the federal government from depriving a person of property without due process of law.

121. Plaintiff has a protected property interest, possessory interest, and at minimum a substantial claim of entitlement in the wall-mounted credentials, retirement plaques, credential displays, and other retirement items. Plaintiff also has a protected interest in not having unique property destroyed based on an unexplained accusation without lawful process.

122. Defendants deprived or threaten to deprive Plaintiff of that property interest by retaining the Retirement Property indefinitely and threatening destruction.

123. Defendants have not provided notice reasonably describing the proposed agency action, the legal authority for destruction, the evidence supporting the accusation of illegal use, the distinction between retired credentials and wall-mounted plaques, the decisionmaker, the available hearing or appeal process, or the conditions under which property could be returned.

124. Plaintiff is entitled to meaningful notice and an opportunity to respond before the

Retirement Property is destroyed or any retired credentials are revoked based on alleged illegal use.

125. Plaintiff is entitled to equitable relief declaring the continued seizure unreasonable, enjoining destruction, requiring preservation, requiring an inventory and written basis for retention, and ordering return subject to reasonable conditions.

## AS AND FOR A FOURTH CAUSE OF ACTION:
**Declaratory Judgment, 28 U.S.C. §§ 2201 and 2202**
***(Against all Defendants; Tied to Rule 41(g), APA, and Constitutional Claims)***

126. Plaintiff realleges and incorporates paragraphs 1 through 125 as if fully set forth here.

127. An actual controversy exists between Plaintiff and Defendants regarding Plaintiff's right to preservation and return of the Retirement Property, Defendants' authority to retain or destroy the property, and the process required before destruction.

128. Declaratory relief will clarify the parties' rights and legal relations and will help prevent irreversible destruction of the property.

129. Plaintiff seeks declarations that:

a) Defendants may not destroy, alter, transfer for destruction, or dispose of the Retirement Property while this action is pending;

b) Plaintiff is entitled to an inventory identifying each item of Retirement Property, its current location, condition, custodian, and property-control number;

c) Defendants have not established that the Retirement Property is contraband, forfeited property, or property subject to destruction merely because

Plaintiff accurately identified himself as a retired FBI Special Agent;

d) Defendants must identify any statute, regulation, policy, retirement agreement, property-control rule, or written decision they contend authorizes retention, revocation, or destruction;

e) The wall-mounted credentials, retirement plaques, and commemorative display items must be returned unless Defendants prove a lawful basis for continued retention or destruction;

f) If the Court determines that any functional retired credential card or badge cannot be returned without conditions, the Court may impose reasonable conditions rather than permitting destruction;

g) Plaintiff may not represent himself as an active FBI agent, may not use FBI insignia or credentials to imply FBI endorsement, and may not display any returned property in a manner suggesting current FBI authority; and

h) Defendants' refusal to return and threatened destruction of the Retirement Property without notice, written reasons, or a hearing violates Rule 41(g), the APA, and/or the Fourth and Fifth Amendments.

130. Plaintiff also seeks any further necessary or proper relief under 28 U.S.C. § 2202.

**<u>AS AND FOR A FIFTH CAUSE OF ACTION:</u>**
**Mandamus in the Alternative, 28 U.S.C. § 1361**
***(Against the FBI Director and SAC in Official Capacity and any Agency Defendant to the Extent 28 U.S.C. § 1361 applies)***

131. Plaintiff realleges and incorporates paragraphs 1 through 130 as if fully set forth here.

132. Plaintiff pleads mandamus only in the alternative, in the event the Court

determines that Rule 41(g), the APA, or constitutional equitable relief does not provide complete relief.

133. Federal officers and agencies have nondiscretionary duties to comply with court rules, preserve property that is the subject of an active judicial dispute, refrain from destroying property absent lawful authority, provide property receipts and inventories required by law or policy, and provide any mandatory process required before permanent destruction or revocation of retirement property.

134. To the extent any FBI, DOJ, or federal property policy requires return, written notice, inventory, supervisory approval, retention justification, or other procedure before destruction of seized or retired-credential property, Defendants owe Plaintiff a clear duty to perform those acts.

135. Plaintiff has a clear right to preservation, an inventory, a written basis for retention or destruction, and a lawful adjudication before the property is destroyed. Plaintiff also has a clear right to return of property that is no longer needed as evidence and is not contraband, forfeited, or lawfully subject to destruction.

136. Plaintiff has no adequate alternative remedy if Defendants are permitted to destroy the Retirement Property before judicial review.

137. Plaintiff requests a writ or order compelling Defendants to preserve the Retirement Property, disclose its current location and condition, provide an inventory and written legal basis for retention or destruction, and return the property or provide any mandatory process required by law or policy.

## NO JURY DEMAND

138. Plaintiff realleges and incorporates paragraphs 1 through 137 as if fully set forth here.

139. Plaintiff seeks equitable, declaratory, APA, and mandamus relief only and does not demand a jury trial.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

a) Immediately enjoin Defendants from destroying, altering, transferring for destruction, or disposing of the Retirement Property during this action;

b) Order Defendants to file, within a time set by the Court, a sworn inventory identifying each item of Retirement Property, its current physical location, condition, custodian, property-control number, and whether it has been transferred to FBI Headquarters or any other component;

c) Order Defendants to preserve the Retirement Property intact pending final adjudication;

d) Conduct an evidentiary hearing under Rule 41(g) on any disputed factual issue necessary to decide return, retention, or destruction;

e) Order return of the wall-mounted credentials, retirement plaques, credential displays, and commemorative retirement items;

f) Order return of Plaintiff's retired credentials subject to reasonable conditions if necessary, or alternatively order Defendants to provide a written decision and lawful process before any revocation, destruction, or permanent retention;

g) Set aside under the APA any decision to retain, revoke, or destroy the Retirement

Property as arbitrary, capricious, contrary to constitutional right, in excess of authority, or without observance of required procedure;

h) Declare the parties' rights and legal relations as requested in the Fourth Cause of Action;

i) Issue alternative mandamus relief compelling preservation, inventory, written decision, lawful process, and return where required by law or policy;

j) Award Plaintiff taxable costs to the extent permitted by law; and

k) Grant all other relief the Court deems just and proper.

Dated: July 20, 2026

Respectfully Submitted:

By: Gamal Abdel-Hafiz
*Plaintiff, Pro Se*
14860 Montfort Drive, Suite 206
Dallas, TX 75254
Phone: 972-636-1136
Email: gamal@gibraltarsc.com

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Gamal Abdel-Hafiz, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Verified Complaint, that the factual allegations based on my personal knowledge are true and correct, and that allegations made on information and belief are believed to be true.

Executed on __________________, 2026, in __________________, Texas.

___________________________________
Gamal Abdel-Hafiz

AO 93 (Rev. 11/13) Search and Seizure Warrant

**SEALED**

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Phone Associated with Telephone Number 214-636-8578

Case No. 3:20-MJ-1175-BH

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Texas *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-1

**YOU ARE COMMANDED** to execute this warrant on or before November 6, 2020 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Irma Carrillo Ramirez.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____________.

Date and time issued: October 23, 2020 @ 4:35pm [signature]
*Judge's signature*

City and state: Dallas, Texas

IRMA CARRILLO RAMIREZ, U.S. Magistrate Judge
*Printed name and title*

FD-597 (Rev. 4-13-2015)



# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
## Receipt for Property

Case ID: ______________________

On (date) 10/22/26

item (s) listed below were:
- [x] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name) Omaid Abdel Hafiz

(Street Address) ______________________

(City) ______________________

Description of Item (s): Retired FBI Credentials # R13177 found at FBI Dallas Headquarters on 10/22/26

Received By: [signature] (Signature)

Printed Name/Title: Taylor Page Special Agent

Received From: No Person Present (Signature)

Printed Name/Title: ______________________

FD-597 (Rev. 4-13-2015)



UNITED STATES DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

47 - **CLASSIFIED DOCUMENTS

48 - THREE (3) FBI JACKETS

49 - CD ROMS

50 - RED BINDER RELATED TO HARMONY SCHOOLS

51 - **FILE FOLDER WITH SUSPECTED CLASSIFIED INFORMATION

52 - **CLASSIFIED DOCUMENTS INCLUDING NOTES, PRESENTATIONS, AND PRINTOUTS

**Received By:** [signature] (signature)

**Received From:** ______________ (signature)

**Printed Name/Title:** [handwritten name]

**Printed Name/Title:** ______________

FD-597 (Rev. 4-13-2015)



UNITED STATES DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

19 - THREE (3) CASSETTE TAPES

20 - 1 G DRIVE MOBILE USB, S/N: 6P0L49ZE

21 - GIBRALTAR SECURITY CONSULTANTS INVOICE DESCRIBING CONNECT TO FBI HOUSTON WITH RICHARD ROPER

22 - THREE (3) DVDS

23 - LENOVO THINKPAD LAPTOP, S/N: PF-01ESJP 14/04,

24 - ONE (1) SHADOW BOX WITH FBI CREDENTIALS (RETIRED) FOR GAMAL ABDEL-HAFIZ

25 - DOCUMENTS: HARMONY PUBLIC SCHOOLS

26 - **CLASSIFIED TRAINING MATERIALS

27 - TWO (2) CD-RS, AND ONE (1) BLUE DVD-R

28 - NOTEPADS RELATING TO SAID AND HARMONY SCHOOL

29 - NOTEBOOK WITH HANDWRITTEN NOTES ON HARMONY SCHOOLS

30 - MEMO TO SAC CASEY AND NOTE ABOUT MAHMOOH MAHMOOD

31 - TWO (2) SANDISK CRUZER THUMBDRIVES

32 - HARMONY FILES

33 - ONE (1) FILE WALLET LISTED AS 'ALRIDI' WITH COPIES, EMAIL PRINTOUTS, AND PRINT COPIES WITH UNKNOWN LANGUAGE

34 - MEMO TO SAC CASEY

35 - LINK ANALYSIS CHART ON YASER ABDEL SAID AND TIPLINE REWARD CUT OUT

36 - UNCLASSIFIED FLASHDRIVE WITH NUMBER "1070"

37 - TDK CASSETTE TAPE

38 - WHELEN RED LIGHT

39 - WHELEN LED DASH LIGHT

40 - ADS TECH USB BASIC HD KIT

41 - TWO BLUE NOTEBOOKS

42 - GAMAL ABDEL-HAFIZ (DL) (FBI) CONTACT LIST WITH YOUSRY SAID DATED 10/22/2015

43 - SIX (6) DVD-R DISKS

44 - TWO (2) CD-R DISKS

45 - HANDWRITTEN NOTE WITH ISLAM SAID INFORMATION ON BACK OF A CHICK-FIL-A RECEIPT

46 - FIVE (5) PAGES OF DOCUMENTS RELATED TO HACKING ATTEMPT ON HARMONY

FD-597 (Rev. 4-13-2015)



# UNITED STATES DEPARTMENT OF JUSTICE

## FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

Case ID: DL-3167697

On (date) 10/28/2020

item(s) listed below were:

☒ Collected/Seized
☐ Received From
☐ Returned To
☐ Released To

(Name) GIBRALTAR SECURITY CONSULTANTS LLC

(Street Address) 14860 MONTFORT DR STE 206

(City) DALLAS, TX 75254

**Description of Item(s):**

1 - THREE (3) FBI PHOTO UNIT CDS: TWO CDS HAND HANDWRITTEN NOTES SAYING 'FILE#: 66A-DL, DATE: 5/6/09' THE THIRD CD HAS NO HANDWRITTEN NOTES

2 - SIM CARDS FOR AT&T,T-MOBILE,VERIZON, AND NANO SIM, AND A TRACFONE CARD

3 - STEALTH CAM CAMERA WITH SD CARD, MODEL: STC-PX14X V2

4 - HP ELITE ONE (ALL IN ONE COMPUTER) S/N: MXL6310Q4B, MODEL: ELITE ONE 800 G2

5 - WESTERN DIGITAL (WD) MY PASSPORT PORTABLE HARD DRIVE S/N: WXB1E876P0PX

6 - DVD WITH HANDWRITING SAYING 'GAMAL RETIREMENT 10/29/2015'

7 - ONE (1) NOTEBOOK WITH HANDWRITTEN DATES AND NOTES AND REFERENCES TO HARMONY SCHOOLS

8 - NOTEBOOK WITH HANDWRITTEN NOTES AND REFERENCES TO HARMONY SCHOOL

9 - LOAN AUTHORIZATION DOCUMENT FOR GIBRALTAR SECURITY CONSULTANTS

10 - NOTEPAD WITH HANDWRITTEN NOTES ABOUT HARMONY SCHOOL

11 - FINANCIAL STATEMENTS WITH NOTATIONS REGARDING MAHMOOD

12 - TWO LEXAR FLASHDRIVES BOTH 16 GB, ONE IS TEAL IN COLOR, AND ONE IS ORANGE IN COLOR

13 - HARMONY SCHOOL PAPERS AND TRAVEL DOCUMENTS

14 - FOUR CAMERAS: TWO (2) CAR KEY CAMERAS, ONE HP/DVR CAMERA, ONE HIGH DEFINITION DIGITAL CAMERA

15 - ONE SANDISK CARD (ORIGINALLY FROM CAR KEY CAMERA BOX)

16 - FBI CREDENTIALS FOR 'GAMAL ABDEL-HAFIZ, LANGUAGE SPECIALIST

17 - ONE (1) SANDISK CARD (NUMBERS ON BACK READ 2015-05-20)

18 - ONE SANDISK CRUZER GLIDE FLASHDRIVE, 4GB, BH120823457B






14860



# ATTACHMENT A-2

*Property to be searched*

The property to be searched is within the building located at 14860 Montfort Drive, Suite 206, Dallas, Texas, further described as a two-story office building with red tile roof, light brown brick and dark brown trim and siding. The number 14860 is in white stick-on numerals approximately 4 inches tall on the glass, centered above the main entrance on the west side, south end of the building. Once you go through this door, you go up the stairs to the second floor and turn left into the hallway. Suite 206 is the second door on the left after you ascend the stairs. The interior walls are a light tan. The door to suite number 206 is a dark stained wooden door with a metal frame painted dark brown. As you are facing the door, to the left of the door is a wooden engraved plaque with the number 206. Also on the wooden plaque, is a brass nameplate with the words "Gibraltar Securities Consultants LLC" to the right of the number 206.

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

**Return**

| ase No.: 3:20-MJ-1176-BH | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________
*Executing officer's signature*

____________________
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

**SEALED**

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Premises Located at 14860 Montfort Drive, Suite 206, Dallas, Texas

Case No. 3:20-MJ-1176-BH

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Texas *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B-2

**YOU ARE COMMANDED** to execute this warrant on or before November 6, 2020 *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Irma Carrillo Ramirez.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _______________.

Date and time issued: October 23, 2020 @ 4:38pm

[signature]
*Judge's signature*

City and state: Dallas, Texas

IRMA CARRILLO RAMIREZ, U.S. Magistrate Judge
*Printed name and title*

FD-597 (Rev. 4-13-2015)



# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
## Receipt for Property

Case ID: 47C-DL-3332723

On (date) 10/28/2020

item (s) listed below were:
- [x] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name) Gamal Abdel-Hafiz

(Street Address) 9520 Stanton Rd

(City) Lantana, TX 76226

Description of Item (s): Black Apple iPhone

Received By: [signature] (Signature)

Printed Name/Title: SA Randall K. White #24370

Received From: [signature] (Signature)

Printed Name/Title: Gamal Abdel-Hafiz

**ATTACHMENT A-1**

The property to be searched is the mobile cellular device owned or used by Gamal Abdel-Hafiz ("Abdel-Hafiz"), using telephone number (214) 636-8578. This warrant authorizes the forensic examination of the Target Device for the purpose of identifying the electronically stored information described in Attachment B-1.

AO 93 (Rev. 11/13) Search and Seizure Warrant

**SEALED**

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Phone Associated with Telephone Number 214-636-8578

Case No. 3:20-MJ-1175-BH

## AMENDED SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Texas *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-1

**YOU ARE COMMANDED** to execute this warrant on or before November 6, 2020 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Irma Carrillo Ramirez.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ____________.

Date and time issued: October 27, 2020 @ 12:30pm [signature]
*Judge's signature*

City and state: Dallas, Texas

IRMA CARRILLO RAMIREZ, U.S. Magistrate Judge
*Printed name and title*

# EXHIBIT "A"

# ATTACHMENT B-1

Any and all records, documents, files, or materials on the Target Device described in Attachment A-1, in whatever form, that constitute evidence, instrumentalities, or fruits of violations of 18 U.S.C. § 1028(a)(7) (Identity Theft); 18 U.S.C. § 1030 (Cyber Intrusion); and 18 U.S.C. § 912 (Impersonating a Federal Agent); 18 U.S.C. § 1512(c) (Obstruction of Justice); and18 U.S.C. § 371 (Conspiracy) relating to the following individuals or entities; Gamal Abdel-Hafiz, Harmony Public Schools, Gibraltar Security Consultants, CHS-1, Yaser Abdel Said, Mohsen Said, Yousri Said, Yassein Said, Islam Said, and any other unidentified co-conspirator since August 2008, including, for the Target Device identified in Attachment A-1, information pertaining to the following matters:

a. electronic communications related to the alleged hacking schemes;
b. electronic communications related to the alleged transmission of means of identification;
c. evidence indicating how and when an email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;
d. evidence indicating the email account owner's state of mind as it relates to the crime under investigation;
e. phone logs, both sent and received;
f. calendars and meetings;

g. location information for the device from August 1, 2017 to the present;

h. photographs and videos evidencing locations, meetings or vehicles used;

i. electronic documents or notes related to the alleged hacking schemes;

j. evidence revealing the identity of co-conspirators;

k. audio or video recordings of conversations between any co-conspirators;

l. evidence related to representations of being a federal agent or being authorized to work on behalf of a federal agency;

m. photographs or videos of credentials, badges, or other items that could be used to impersonate a federal officer;

n. evidence of knowledge of the location of Yaser Abdel Said;

o. all evidence of financial transactions to and from the above mentioned parties, including but not limited to bank records and email payment verification; and

p. all evidence indicating the contents of the electronic device were backed up, including to any cloud storage account, including but not limited to user names and passwords for any such backup.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of internet for communications over VoIP, including:

a. records of Internet Protocol addresses used;

b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

During the execution of the search of the Subject Premises described in Attachment A-1, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose