IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Gamal Abdel-Hafiz

Plaintiff

-against-

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; DIRECTOR, FEDERAL BUREAU OF INVESTIGATION, in official capacity; and SPECIAL AGENT IN CHARGE, FBI DALLAS FIELD OFFICE, in official capacity, MATTHEW DeSERNO, former Special Agent in Charge of the FBI Dallas Field Office, in official capacity to the extent prospective relief remains available concerning actions challenged herein; and SUPERVISORY SPECIAL AGENT DEBBIE BURNS, in official capacity to the extent prospective relief remains available concerning actions challenged herein,

Defendants.

Civil Action No. 3:26-cv-02463-X-BW

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT**

Plaintiff Gamal Abdel-Hafiz ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Rules 55(a), 55(b)(2), and 55(d) of the Federal Rules of Civil Procedure for entry of default and default judgment against Defendants United States of America, United States Department of Justice, Federal Bureau of Investigation, Director of the Federal Bureau of Investigation in official capacity, Special Agent in Charge of the FBI Dallas Field Office in official capacity, Matthew DeSerno, former Special Agent in Charge of the FBI Dallas Field Office in official capacity, and Supervisory Special

Agent Debbie Burns in official capacity (collectively, "Defendants"), based upon their failure to answer or otherwise respond to Plaintiff's Verified Complaint within the time prescribed by the Court, despite having obtained an extension of time to do so. In support thereof, Plaintiff respectfully states as follows:

## I. PROCEDURAL HISTORY AND RELEVANT FACTS

1. On July 24, 2026, Plaintiff commenced this action by filing a Verified Complaint against Defendants seeking the return and preservation of retirement property seized by the Federal Bureau of Investigation, together with related declaratory, injunctive, and administrative-law relief. Plaintiff does not seek monetary damages. A copy of the Verified Complaint is annexed hereto as **Exhibit "A."**

2. On July 29, 2026, the Court entered an Order to Serve Defendant and Follow Court Rules (Dkt. 7), directing Plaintiff to properly serve Defendants in accordance with Federal Rule of Civil Procedure 4(i) and file the corresponding proofs of service or waivers no later than October 22, 2026. A true and correct copy of the Court's July 29, 2026, Order is annexed hereto as **Exhibit "B"**.

3. Defendants were served with the Summons and Verified Complaint on 7/28/2026 In their subsequent Motion for Extension of Time, Defendants expressly acknowledged that service was perfected on July 31, 2026, and that their original deadline to answer or otherwise respond to the Complaint was September 29, 2026. Copies of the relevant Summonses and Proofs of Service shall be annexed hereto as **Exhibit "C"**.

4. On September 28, 2026, Defendants, through Assistant United States Attorney Tami C. Parker, filed a Motion for Extension of Time to Answer or Otherwise

Respond to the Complaint, requesting that their deadline be extended from September 29, 2026, to October 13, 2026. A copy of Defendants' Motion for Extension of Time is annexed hereto as **Exhibit "D".**

5. Prior to filing said motion, Defendants' counsel contacted Plaintiff by email on September 28, 2026, requesting additional time to respond to the Complaint. In good faith and as a professional courtesy, Plaintiff agreed to extend Defendants' time to respond until October 15, 2026. Defendants' counsel acknowledged and thanked Plaintiff for his accommodation. Copies of the email correspondence are annexed hereto as **Exhibit "E".**

6. Thereafter, the Court granted Defendants' request for an extension of time to answer or otherwise respond to the Complaint. Pursuant to the Court's Order, Defendants were required to file their responsive pleading within the extended deadline established therein. A copy of the Court's Order granting Defendants' extension is annexed hereto as **Exhibit "F".**

7. Notwithstanding the extension granted by the Court and Plaintiff's agreement to afford Defendants additional time, Defendants failed to file an Answer, motion under Rule 12, or other responsive pleading within the extended period.

8. The extended deadline has now expired, and, to Plaintiff's knowledge, Defendants have neither filed a responsive pleading nor obtained any further extension of time from the Court.

9. Plaintiff acted in good faith by consenting to Defendants' request for additional time. However, Defendants have failed to comply with the extended deadline despite having had sufficient opportunity to prepare and file their response.

10. Accordingly, Plaintiff respectfully submits that Defendants' failure to plead or otherwise defend warrants entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and consideration of Plaintiff's request for default judgment pursuant to Rules 55(b)(2) and 55(d).

## II. LEGAL ARGUMENT

### A. Defendants' Failure to Answer or Otherwise Respond Warrants Entry of Default Pursuant to Federal Rule of Civil Procedure 55(a).

11. Federal Rule of Civil Procedure 55(a) provides that when a party against whom affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk of Court must enter the party's default.

12. Although default judgment is discretionary, Courts have granted that relief where defendants failed to answer despite notice and sufficient opportunity to defend. In *Bonanza International, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), the Fifth Circuit affirmed default judgment where the defendant failed to answer for nearly eleven months after the deadline and disobeyed court orders despite ample notice.

13. Similarly, in *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015), the Fifth Circuit upheld default judgment and the refusal to vacate it where the defendant failed to respond after service and offered no explanation for its inaction.

14. In the Northern District of Texas, *F.M.D. Holdings, LLC v. Regent Financial Corp.*, No. 5:20-CV-269-H, slip op. at 17–19 (N.D. Tex. Dec. 10, 2021), ECF No. 59, likewise granted default judgment after defendants repeatedly failed to submit

compliant answers despite multiple extensions and court orders directing them to respond.

15. Here, Defendants were served with the Summons and Verified Complaint and expressly acknowledged in their Motion for Extension of Time that service was perfected on July 31, 2026. Defendants further acknowledged that their original deadline to answer or otherwise respond to the Complaint was September 29, 2026.

16. On September 28, 2026, Defendants requested an extension of time to respond to Plaintiff's Verified Complaint. Plaintiff, acting in good faith, expressly consented to additional time through October 15, 2026, as evidenced by the email correspondence annexed as **Exhibit "D".** Thereafter, the Court granted Defendants an extension of time to answer or otherwise respond to the Complaint.

17. Notwithstanding the extension granted by the Court and Plaintiff's willingness to accommodate Defendants' request, Defendants failed to file an Answer, motion under Rule 12, or other responsive pleading within the applicable extended deadline. Defendants have not obtained any further extension of time, and the deadline to respond has expired.

18. Plaintiff respectfully submits that Defendants were afforded ample time and opportunity to respond to the Verified Complaint. Defendants not only received the time prescribed by the Federal Rules of Civil Procedure but also obtained additional time through their own application to the Court. Despite these accommodations, Defendants failed to comply with the extended deadline.

19. Plaintiff further submits that his agreement to extend Defendants' time to respond was made as a professional courtesy and in good faith. Such agreement did not

constitute consent to an indefinite extension or relieve Defendants of their obligation to comply with the deadline established by the Court.

20. Defendants' failure to answer or otherwise defend has unnecessarily delayed the progress of this action and Plaintiff's ability to obtain judicial determination of the relief requested in his Verified Complaint. Plaintiff respectfully submits that Defendants' continued failure to respond, despite having obtained an extension, warrants entry of default pursuant to Rule 55(a), upon confirmation of proper service and the absence of any further responsive filing or extension.

21. Accordingly, Plaintiff respectfully requests that the Clerk of Court enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).

**B. Plaintiff Is Entitled to Seek Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(2), Subject to the Requirements of Rule 55(d).**

22. Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter default judgment against a party following entry of default, subject to the applicable procedural and substantive requirements.

23. Rule 55(d) further provides that a default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the Court.

24. Plaintiff acknowledges that Defendants include the United States, federal agencies, and federal officials sued in their official capacities. Accordingly, Plaintiff recognizes that the requirements of Rule 55(d) apply and that Defendants' failure to respond does not, standing alone, automatically establish Plaintiff's entitlement to default judgment.

25. Nevertheless, Plaintiff respectfully submits that his Verified Complaint sets forth the factual and legal grounds supporting his claims for the return and preservation of retirement property seized by the Federal Bureau of Investigation, together with the declaratory, injunctive, and administrative-law relief requested therein.

26. Specifically, Plaintiff alleges that the FBI seized his retired credentials, retirement plaques, and related commemorative property on or about October 28, 2020, and that certain retirement property remains withheld despite the return of other seized property in or about June 2025. Plaintiff seeks non-monetary relief, including preservation of the remaining property, an inventory and accounting of the retained items, return of the property where legally warranted, and appropriate declaratory and equitable relief.

27. Plaintiff respectfully submits that Defendants' failure to respond has prevented the issues raised in the Verified Complaint from being properly joined and adjudicated. Despite having been afforded additional time, Defendants have neither filed a responsive pleading nor otherwise presented their position concerning Plaintiff's claims. Plaintiff therefore requests that the Court consider his application for default judgment based upon the Verified Complaint and supporting evidence, subject to the requirements of Rule 55(d).

28. Plaintiff further submits that the purpose of the requested default judgment is not to obtain relief merely because Defendants missed a procedural deadline, but to secure judicial determination of claims that remain unresolved notwithstanding Defendants' opportunity to appear and defend. Plaintiff respectfully requests that the Court independently evaluate the sufficiency of the claims, the evidence presented, and the Court's authority to grant the specific nonmonetary relief sought.

29. Plaintiff does not contend that Defendants' default constitutes a waiver of sovereign immunity or otherwise eliminates the jurisdictional and evidentiary requirements applicable to this action. Rather, Plaintiff respectfully requests that, upon entry of default and satisfaction of Rule 55(d), the Court grant the declaratory, injunctive, and equitable relief established by the Verified Complaint and supporting evidence.

30. Accordingly, Plaintiff respectfully submits that entry of default is warranted by Defendants' failure to plead or otherwise defend within the extended deadline, and that default judgment should thereafter be entered pursuant to Rules 55(b)(2) and 55(d), upon the Court's determination that Plaintiff has established his right to the requested relief by satisfactory evidence.

**WHEREFORE**, Plaintiff Gamal Abdel-Hafiz, proceeding pro se, respectfully requests that this Court issue an Order: (a) directing the Clerk of Court to enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a); (b) granting Plaintiff's Motion for Default Judgment against Defendants pursuant to Federal Rules of Civil Procedure 55(b)(2) and 55(d), upon a determination that Plaintiff has established his entitlement to relief by evidence satisfactory to the Court; (c) awarding Plaintiff the declaratory, injunctive, and equitable relief requested in the Verified Complaint, including the preservation, inventory, and return of the seized retirement property to the extent authorized by law; and (d) granting such other and further relief as this Court deems just and proper.

Dated: October 27, 2026

Gamal Abdel-Hafiz
*Pro se Plaintiff*