IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Gamal Abdel-Hafiz

Plaintiff

-against-

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; DIRECTOR, FEDERAL BUREAU OF INVESTIGATION, in official capacity; and SPECIAL AGENT IN CHARGE, FBI DALLAS FIELD OFFICE, in official capacity, MATTHEW DeSERNO, former Special Agent in Charge of the FBI Dallas Field Office, in official capacity to the extent prospective relief remains available concerning actions challenged herein; and SUPERVISORY SPECIAL AGENT DEBBIE BURNS, in official capacity to the extent prospective relief remains available concerning actions challenged herein,

Defendants.

Civil Action No. 3:26-cv-02463-X-BW

**DECLARATION OF GAMAL ABDEL-HAFIZ IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

I, Gamal Abdel-Hafiz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct based upon my personal knowledge and review of the pleadings, documents, and proceedings in this action:

1. I am the Plaintiff in the above-captioned action and am proceeding *pro se*. I am fully familiar with the facts and circumstances of this action and submit this

Declaration in support of my Motion for Entry of Default and Default Judgment against Defendants.

2. On July 24, 2026, I commenced this action by filing a Verified Complaint against Defendants seeking the return and preservation of retirement property seized by the Federal Bureau of Investigation, together with related declaratory, injunctive, and administrative law relief. A true and correct copy of the Summons and Verified Complaint is annexed hereto as **Exhibit "A."**

3. On July 29, 2026, the Court entered an Order to Serve Defendant and Follow Court Rules (Dkt. 7), directing me to properly serve Defendants in accordance with Federal Rule of Civil Procedure 4(i) and file the corresponding proofs of service or waivers no later than October 22, 2026. A true and correct copy of the Court's July 29, 2026 Order is annexed hereto as **Exhibit "B."**

4. Defendants were served with the Summons and Verified Complaint on July 28, 2026. In their subsequently filed Motion for Extension of Time, Defendants expressly acknowledged that service was perfected on July 31, 2026, and that their original deadline to answer or otherwise respond to the Complaint was September 29, 2026. Copies of the relevant Summonses and Proofs of Service are annexed hereto as **Exhibit "C"**.

5. On September 28, 2026, Defendants, through Assistant United States Attorney Tami C. Parker, filed a Motion for Extension of Time to Answer or Otherwise Respond to the Complaint, requesting an extension of their deadline from September 29, 2026, to October 13, 2026. A true and correct copy of Defendants' Motion for Extension of Time is annexed hereto as **Exhibit "D"**.

6. On September 28, 2026, Assistant United States Attorney Tami C. Parker contacted me by email requesting additional time to respond to my Verified Complaint. In good faith and as a courtesy, I agreed to extend Defendants' time to respond until October 15, 2026. Ms. Parker subsequently acknowledged my response and thanked me for granting the additional time. True and correct copies of our email correspondence are annexed hereto as **Exhibit "E".**

7. Thereafter, the Court granted Defendants' request for an extension of time to answer or otherwise respond to my Verified Complaint. Pursuant to the Court's Order, Defendants were required to file their responsive pleading within the extended deadline established by the Court. A true and correct copy of the Court's Order granting Defendants' extension is annexed hereto as **Exhibit "F".**

8. Notwithstanding the extension granted by the Court and my agreement to afford Defendants additional time, Defendants failed to file an Answer, motion under Rule 12, or other responsive pleading within the applicable extended deadline.

9. The extended deadline has expired, and Defendants have not filed an Answer or other responsive pleading, nor have they obtained any further extension of time from the Court.

10. I acted in good faith by consenting to Defendants' request for additional time to respond to my Verified Complaint. My agreement to extend their deadline until October 15, 2026, was not intended to constitute consent to an indefinite extension or to excuse Defendants from complying with the deadline established by the Court.

11. Despite having been afforded additional time to respond, Defendants have failed to answer or otherwise defend this action. Their failure to respond has delayed the

progress of this proceeding and the judicial determination of the relief requested in my Verified Complaint.

12. I respectfully submit that Defendants' failure to answer or otherwise respond within the extended deadline warrants entry of default pursuant to Federal Rule of Civil Procedure 55(a), and I request that the Court consider my application for default judgment pursuant to Rules 55(b)(2) and 55(d).

13. I continue to seek the nonmonetary relief requested in my Verified Complaint, including the preservation, inventory, and return of the retirement property seized by the Federal Bureau of Investigation, together with the declaratory, injunctive, and equitable relief to which I may be legally entitled.

14. I respectfully request that the Court grant my Motion for Entry of Default and Default Judgment upon satisfaction of the applicable requirements of the Federal Rules of Civil Procedure, together with such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2026, at 11:24 A.M..

[signature]

Gamal Abdel-Hafiz
*Plaintiff, Pro Se*
14860 Montfort Drive, Suite 206
Dallas, Texas 75254
Telephone: (214) 636-8578
Email: gamal@gibraltarsc.com